UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT WASHINGTON,

   Plaintiff,

v.                                                    Case No. 8:05-cv-600-JDW-MSS

UNITED STATES OF AMERICA, et al.,

   Defendants.
_____/

## ORDER

This cause comes on for consideration of Plaintiff, Gilbert Washington's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and Defendants, Susan K. Woodward, as Trustee and John K. Olson's Motion for a More Definite Statement and to Dismiss for Insufficiency of Process and Insufficiency of Service of Process (Dkt. 5). Plaintiff did not file a response to the Defendants' Motion for a More Definite Statement and to Dismiss. In addition, Defendants have filed a Notice of Supplemental Event (Dkt. 7).

A.   **Background**

Defendant's Motion for a More Definite Statement and to Dismiss sets forth a detailed and complete rendition of the facts that led to Plaintiff's filing his Complaint (Dkt. 1). Plaintiff also includes some factual background in his Affidavit of Indigency (Dkt. 2).

In summary, Plaintiff was a party to a bankruptcy proceeding in which he proceeded *pro se*, Case No. 8:96-bk-14739-ALP. The Debtor in the bankruptcy case, Gulf Coast Orthopaedic Center, Inc., an orthopaedic surgical center located in Hudson, Florida, filed its Chapter 11 petition in October 1996. At the time the Debtor filed for bankruptcy there were some sixty (60) malpractice

claims pending against it, one of which was filed by Plaintiff. Because of the outstanding malpractice claims, the Debtor was unable to reorganize and the Debtor's case was converted to a Chapter 7. Defendant, Susan K. Woodward ("Defendant Woodward"), was appointed as the Chapter 7 trustee. As part of the Bankruptcy case, Defendant Woodward, and her counsel, John K. Olson ("Defendant Olson") (collectively, "Defendants"), negotiated a resolution of the disputes between the Debtor and counsel for the majority of the malpractice claims. That resolution included a provision for the mandatory arbitration of all such claims. Based on that resolution, the Defendant Woodward, as trustee, moved for reconversion of the Debtor's case to a Chapter 11 case. That request was granted by the Bankruptcy Court without objection.

Thereafter, Defendant Woodward resolved each of the medial malpractice claims, either through settlement or arbitration. Plaintiff's malpractice claim was resolved during an arbitration in which the Plaintiff participated *pro se*. Arbitration of all of the malpractice claims was completed in late 2004.

On December 10, 2004, Defendant Woodward filed her Trustee's Report on Medical Malpractice Awards (the "Trustee's Report") and Motion to Authorize Distributions, which requested that the Bankruptcy Court allow all claims that had been liquidated by the Arbitrator in the amounts awarded, and requested that the $6 million available for distribution be distributed *pro rata* because the aggregate amount of the arbitration awards exceeded the $6 million available.

Plaintiff timely objected to the relief sought by the Defendant Woodward in Bankruptcy Court, participated *pro se* in the hearing on the Trustee's Report, and thereafter filed a series of motions in the Bankruptcy Court. Plaintiff had filed a Motion for rehearing, which was denied, and Plaintiff timely filed a Notice of Appeal. That appeal is pending in this Court before United States District Judge Elizabeth A. Kovachevich as Case No. 8:05-cv-571-EAK. In the absence of a stay

pending appeal, the Defendant Woodward distributed the $6 million as authorized by the Bankruptcy Court.

On May 16, 2005, Plaintiff cashed the check given to him as part of the distribution. The check was in the amount of $2,502.36. When he endorsed his check, Plaintiff wrote, "P.S.* Remaining amount owed to me $10,997.64 (From trustee's arbitration hearing in additional [sic] to additional settlement and awards)." (Dkt. 7, Exh. A).

### B.   Complaint, Motion to Proceed *In Forma Pauperis* and Motion for a More Definite Statement or to Dismiss for Insufficiency of Process and Insufficiency of Service of Process

**Complaint**

Plaintiff is suing the Defendants in this case for "violation of [his] civil and constitutional rights for equal protection of the law, discrimination, fraud conspiracy, embezzlement, intentional harm, malice, deceit, wanton [sic], emotional distress and mental anguish" stemming from the above described Bankruptcy case. (Dkt. 1 at pp.1-2). Plaintiff seeks relief "in excess of the amount of $4,500,000 in compensatory damages and punitive damages this court deems proper and just." In support of these claims, Plaintiff cites to 28 U.S.C § 158, 28 U.S.C. 1915(a), 42 U.S.C. § 1983, 42 U.S.C. § 1985; 42 U.S.C. § 1986 and 42 U.S.C. 2000. (Id. at 2). Plaintiff claims that the Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 2000. (Id. at 3).

**Motion to Proceed *In Forma Pauperis***

In his Affidavit of Indigency, which the Court construes as a Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), Plaintiff claims that he has been unemployed since January 14, 2004, lists no income at all from any source and claims that he has not received any income during the last twelve (12) months from any sources including those designated as "other." However, Defendants'

Notice of Supplemental Event (Dkt. 7) informs the Court, as noted above, that Plaintiff received and cashed a check for $2,502.36 as part of the distribution in the Bankruptcy case that he is currently appealing.

**Motion for a More Definite Statement or to Dismiss for Insufficiency of Process and Insufficiency of Service of Process**

Defendants, citing to Fed. R.Civ. P. 12(e), ask the Court to require Plaintiff to file a more definite statement because, "the Complaint filed herein by Plaintiff is so vague and ambiguous that a party cannot reasonably be required to file a responsive pleading." (Dkt. 5 at 1). In support of their Motion, Defendants review in detail the statutes contained in Plaintiff's Complaint and cite under each statute the reasons why they are "unable" to respond to the Complaint. In summary, Defendants claim that:

1.  28 U.S.C § 158 is a jurisdictional statute that gives the district courts of the United States jurisdiction to hear appeals from final and interlocutory judgements, order and decrees from bankruptcy courts. Defendants state that they are "unable to ascertain, which of any, of the operative allegations of the Complaint relate to any breach of any legal obligation owed by them to [Plaintiff] arising under § 158. (Dkt. 5, ¶ 9).

2.  28 U.S.C. § 1915(a) permits courts to authorize the commencement, prosecution, or defense of civil or criminal actions without payment of court fees or security. Defendants claim that "there are no allegations in the Complaint which give a clue as to how the Trustee and Olsen have violated any duty to Washington arising under § 1915(a)." (Dkt. 5, ¶ 11).

3.  42 U.S.C. § 1983 provides federal protection against discrimination undertaken or accomplished under color of state law. Defendants claim that they are "unable to ascertain from the Complaint either (a) the state law under which they are alleged to have acted, or (b)

the rights, privileges, or immunities afforded to Washington by federal law [that] were allegedly violated." (Dkt. 5, ¶ 12).

4. 42 U.S.C. § 1985 provides redress for conspiracies to interfere with civil rights. Defendants claim that allegations of conspiracy under § 1985 must be supported by material facts, not by mere conclusory statements and that they are "unable to respond to the vague allegations of conspiracy made in the Complaint." (Dkt. 5, ¶ 13).

5. 42 U.S.C. § 1986 provide redress against persons who know that a violation of section 1985 is about to be committed and fail to act to prevent such an action. A § 1986 requires that a violation of § 1985 shall have occurred. Defendants claim that because Defendant has failed to provide sufficient information regarding the § 1985 claim, a § 1986 claim cannot go forward. (Dkt. 5, ¶ 15).

6. 42 U.S.C. § 2000 does not specifically exist. Rather, Defendants claim, there are over sixty (60) subsections denominated as §§ 2000a through 2000e-10 that prohibit discrimination in public accommodations. Defendants further claim that "there are no allegations in the complaint [that] appear to relate to any of these statutory prohibitions, and [Plaintiff] should be required to provide sufficient specificity as to the manner in which the [Defendants] are alleged to have violated them. (Dkt. 5, ¶ 16).

Finally, citing to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), Defendants ask the Court to dismiss the Complaint for insufficiency of process and insufficiency of service of process. Defendants claim that none of them received a copy of the Complaint despite the fact that Plaintiff stated that he had served Defendants in the Certificate of Service attached to the Complaint.

C. **Discussion**

When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915 (a), "the only

determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)(quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). An affidavit filed in support should be accepted "absent a serious misrepresentation." Id. Further, the IFP statute provides that the court shall dismiss a case proceeding IFP at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In the IFP Motion, Plaintiff failed to disclose the funds that he received from the settlement of the Bankruptcy case to which he was a party. If the Court accepts the remainder of Plaintiff's Affidavit of Indigency as true, Plaintiff would still be considered indigent by any applicable standard. While, Plaintiff's failure to disclose receipt of these funds does call into question the veracity of the remainder of Plaintiff's Affidavit of Indigency, the Court finds that the one time receipt of $2,502.36, does not affect Plaintiff's indigent status.

As stated above, the Court is required to dismiss a case proceeding IFP at any time if the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Neither the "Brief Statement of the Nature of the Action" contained in Plaintiff's IFP Motion, nor the information contained in Plaintiff's Complaint provides the Court with sufficient information or detail to evaluate Plaintiff's potential claims. Thus, the Court finds that as submitted to date, Plaintiff's filings fail to state a claim on which relief may be granted.

Accordingly, the Court **ORDERS** that Plaintiff's IFP Motion (Dkt. 2) is **DENIED without Prejudice**. If Plaintiff chooses to re-file his IFP Motion, he shall include all funds received from any source in the Affidavit of Indigency.

In addition, if Plaintiff wishes to proceed *in forma pauperis*, he must articulate more fully the claims for which he is seeking relief. Accordingly, Defendant's Motion for More Definite

Statement and to Dismiss (Dkt. 5) is **GRANTED in part and DENIED in part.** Plaintiff has twenty (20) days from the date of this Order to file an Amended Complaint, one that provides enough legal and factual detail to allow Defendants the opportunity to frame a responsive pleading. Plaintiff's failure to comply with this Order, within the time allotted, will result in his Complaint being stricken without further notice from the Court. The Court **DENIES** Defendants' request to dismiss the Complaint for insufficiency of process and insufficiency of service of process.

**DONE and ORDERED** in Tampa, Florida on this 5th day of July 2005.

Mary S. Scriven
United States Magistrate Judge

Copies to:

Unrepresented Parties
Counsel of Record