## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GILBERT WASHINGTON,

    Plaintiff,

v.                                                                          Case No. 8:05-cv-600-JDW-MSS

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

_____/

### ORDER

This cause comes on for consideration of Plaintiff, Gilbert Washington's Motion to Set Aside Order and Reinstate Plaintiff's Claim of Action, which the Court construes as a renewed Motion to Proceed *In Forma Pauperis* (Dkt. 9) and accompanying Affidavit of Indigency (Dkt. 11). The facts of this case have previously been set forth in detail in this Court's Order dated July 5, 2005 (Dkt. 8). In that Order, the Court denied without prejudice Plaintiff's first Motion to Proceed *In Forma Pauperis* (Dkt. 2). While the Court found that Plaintiff was indigent, the Court agreed with Defendants, who argued in their Motion to Dismiss (Dkt. 5) that as drafted, Plaintiff's complaint did not provide enough legal and factual detail to allow Defendants to frame a responsive pleading. Plaintiff was ordered to file an amended complaint if he wished the litigation to proceed. Plaintiff filed his Amended Complaint (Dkt. 10) on July 22, 2005. As part of that filing, Plaintiff renewed his Motion to Proceed *In Forma Pauperis*.

### Discussion

When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915 (a), "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the

requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)(quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). An affidavit filed in support should be accepted "absent a serious misrepresentation." Id.

As a threshold matter, however, the Court is required to determine whether Plaintiff's complaint is frivolous, malicious or fails to state a claim, and therefore, is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(i-ii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Specifically, the Court must evaluate Plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990). *Pro se* complaints should be held to a less stringent standard than formal pleadings drafted by lawyers. See Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976).

Upon review, and against this lenient standard, the Court finds that Plaintiff's Amended Complaint on its face is not so frivolous as to preclude Defendants from mounting a reasonable defense. As such, Plaintiff's renewed Motion to Proceed *In Forma Pauperis* (Dkt. 9) is **GRANTED.**

**DONE and ORDERED** in Tampa, Florida on this ___ day of November 2005.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Unrepresented Parties
Counsel of Record