UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT WASHINGTON,

        Plaintiff,

vs.                                   Case No. 8:05-CV-600-T-27MSS

THE UNITED STATES OF AMERICA, et al.,

        Defendants.

_____/

## ORDER

**BEFORE THE COURT** is Gulf Coast Orthopedic Center - Alfred O. Bonati, M.D., P.A. and Alfred O. Bonati, M.D.'s Motion to Dismiss (Dkt. 32), Marsha Rydberg's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and Request for Judicial Notice (Dkt. 35), Vincent Rowley's Motion to Dismiss (Dkt. 36), W. Penn Dawson, III and Andrew Brown's Motion to Dismiss (Dkt. 37), United States of America and United States Bankruptcy Court's Motion to Dismiss (Dkt. 40), Susan K. Woodard and John K. Olson's Motion to Dismiss and Alternative Motion for More Definite Statement (Dkt. 53), and Plaintiff's Opposition (Dkt. 44). Upon consideration, Defendants' motions are GRANTED.

## Factual Background

Plaintiff, Gilbert Washington, initiated this action against Defendants, United States of America ("United States"), United States Bankruptcy Court ("Bankruptcy Court"), Gulf Coast Orthopedic Center - Alfred O. Bonati, M.D., P.A. ("Gulf Coast"), Alfred O. Bonati, M.D. ("Bonati"), Susan K. Woodard ("Woodard"), John K. Olson ("Olson"), W. Penn Dawson, III ("Dawson"), Andrew Brown ("Brown"), Vincent Rowley ("Rowley"), Gary Roberts ("Roberts"), Marsha Rydberg

("Rydberg"), and Gasper Ficarrotta ("Ficarrotta").[1] (Dkt. 10, Am. Compl.). Plaintiff alleges that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, & 1986 based on Defendants' violations of his due process and equal protection rights under the 5th and 14th Amendments to the United States Constitution.[2] (Dkt. 10, p. 2).

In his Amended Complaint, Plaintiff asserts that he is a medical malpractice claimant in connection with a bankruptcy proceeding in which he proceeded *pro se* (Case No. 8:96-bk-14739-ALP).[3] (Dkt. 10, ¶ 4). The Debtor in the bankruptcy case, Gulf Coast and/or Bonati, filed its Chapter 11 petition in October 1996. At the time the Debtor filed for bankruptcy, there were approximately fifty-two (52) medical malpractice claims pending against it, including one filed by Plaintiff. As a result of the outstanding malpractice claims, the Debtor was unable to reorganize, and the Debtor's case was converted to a Chapter 7. Woodard was appointed as the Chapter 7 Trustee. Woodard and Olson, her counsel, negotiated a resolution of the disputes between the Debtor and the malpractice claimants. The resolution included a provision for mandatory arbitration. Based on the resolution, Woodard moved for reconversion of the Debtor's case to Chapter 11, which was granted by the Bankruptcy Court without objection.

Thereafter, Woodard resolved each of the medial malpractice claims, either through settlement or arbitration. Plaintiff's malpractice claim was resolved during an arbitration before Ficarrotta in which he proceeded *pro se*. Arbitration of all of the malpractice claims was completed in late 2004. Plaintiff was awarded $13,500.00 on his claim. (Dkt. 10, ¶ 5).

---

[1] Defendants Roberts and Ficarrotta have not been served and have not filed appearances in this case.

[2] In his Amended Complaint, Plaintiff alleges that Defendants violated his 13th Amendment rights. (Dkt. 10, ¶ 1). However, it believed that this was merely a typographical error as the 13th Amendment relates to the abolition of slavery, which is obviously not applicable here.

[3] The following facts are gathered from Plaintiff's Amended Complaint, Defendants' motions, and the bankruptcy record. To this extent, Marsha Rydberg's Request for Judicial Notice (Dkt. 35) is **GRANTED**.

2

On December 10, 2004, Woodard filed a Trustee's Report on Medical Malpractice and Motion to Authorize Distributions, which requested that the Bankruptcy Court allow all of the claims that had been liquidated by the Arbitrator in the amounts awarded, and requested that the $6 million available for distribution be distributed pro rata because the aggregate amount of the arbitration awards exceeded the $6 million available. Plaintiff objected to the relief sought by Woodard and participated *pro se* in the hearing on the Trustee's Report. Plaintiff filed a series of objections and motions in the Bankruptcy Court, including a motion for rehearing, which was denied, and a notice of appeal. Plaintiff's motions and objections were not successful. (Case No. 8:96-bk-14739-ALP – Dkts. 1918, 1921 & 1938). Plaintiff filed an appeal of the bankruptcy proceedings on March 9, 2005, but his appeal was dismissed on December 8, 2005 for failure to prosecute. (Case No. 8:05-CV-571-T-17TGW – Dkts. 1 & 26).

Thereafter, Woodard distributed the $6 million as authorized by the Bankruptcy Court. On May 16, 2005, Plaintiff cashed a check in the amount of $2,502.36 given to him as part of the distribution. In endorsing the check, Plaintiff wrote, "P.S.* Remaining amount owed to me $10,997.64 (From trustee's arbitration hearing in additional [sic] to additional settlement and awards)." (Dkt. 7, Ex. A).

In this action, Plaintiff alleges that he was forced to represent himself as a claimant in the bankruptcy proceedings and "was afforded no provision for assistance or his own counsel in this cause." (Dkt. 10, ¶ 4). Plaintiff further alleges that he "was awarded damages of $13,500 from the final judgment in the bankruptcy medical malpractice class action." (Dkt. 10, ¶ 5). However, Plaintiff alleges that Defendants "failed to distribute an equitable and adequate settlement awards to all medical malpractice creditors under the plan" and "substantially reduced [Plaintiff's] damages award by taking an excessive pro rata amount for attorney fees over the [P]laintiff's objection." (Dkt.

10, ¶¶ 7 & 9). Plaintiff further alleges that Defendants violated his substantive and procedural due process and equal protection rights by refusing to assist him with legal representation and disregarding his constitutional rights. (Dkt. 10,¶¶ 6-7).

> Plaintiff seeks a
>
> grand jury ... due to the defendants malicious and fraudulent behavior that they has "knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, etc., to violate the plaintiff civil rights under the United States Constitution.

(Dkt. 10, p. 4). Plaintiff also seeks damages "for a fair and equitable settlement to the other members of the medical malpractice class members under the debtor's plan" and "for claims of discrimination, personal injuries, mental anguish, emotional distress, and intentional harm for malice, deceit and wanton conduct of the defendants." (Dkt. 10, p. 4). Plaintiff seeks compensatory, actual, and punitive damages and litigation costs and expenses. (Dkt. 10, pp. 4-5).

Defendants, Gulf Coast, Bonati, Rydberg, Rowley, Dawson, Brown, United States, Bankruptcy Court, Woodard, and Olson have moved to dismiss Plaintiff's Amended Complaint on various grounds as set forth below. In his Opposition, Plaintiff attempts to add a new allegation against the Defendants that was not included in his Amended Complaint, namely that Defendants "failed to develop the plaintiff's medical records before arbitration hearing before the arbitrator." (Dkt. 44, p. 2).

## Applicable Standards

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*citations omitted*); *see also South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-plead factual

4

allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A corollary to Rule 12 is Rule 8, Federal Rules of Civil Procedure, which requires that a plaintiff provide a short and plain statement of the claim showing that he or she is entitled to relief. The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. If the complaint is "too general," it will not provide fair notice to the defendant of the claims plaintiff alleges. *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir. 1993). However, in ruling on motion to dismiss for failure to state claim, "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Where a plaintiff alleges defendant acted with indifference to his constitutional rights in violation of § 1983, the Eleventh Circuit has tightened the liberal pleading requirements of Rule 8 "in an effort to weed out nonmeritorious claims." *GJR Invs., Inc.*, 132 F.3d at 1367. As a result, when pleading a § 1983 claim, a plaintiff is required to "allege with some specificity the facts which make out [his or her] claim." *Id.* "[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and

conclusory."[4] *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

## Discussion

### I.    *Dawson, Brown, & Rowley's Motions to Dismiss*

Dawson, Brown, and Rowley each served as legal counsel to Woodard, as Trustee. Neither Dawson nor Brown were involved in the arbitration of Plaintiff's claim. Dawson, Brown, and Rowley did not represent or counsel Plaintiff in relation to his medical malpractice claim or the bankruptcy proceedings. All three attorneys move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim.

In *Barton v. Barbour*, 104 U.S. 126 (1881), the Supreme Court set forth the *Barton* doctrine, which prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court. *Id.* at 127; *see also In re Nathurst*, 207 B.R. 755, 758 (Bankr. M.D. Fla. 1997). The *Barton* doctrine provides that a party "must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). The doctrine protects not only the trustee but also other court-appointed or court-approved officers who represent the bankruptcy estate, including the trustee's attorneys. *Id.* at 1252 n.4; *see also Nathurst*, 207 B.R. at 758.

---

[4] The constitutionality of the Eleventh Circuit's heightened pleading standard has been called into question. *See Helton v. Hawkins*, 12 F. Supp. 2d 1276, 1280-81 (M.D. Ala. 1998). In other contexts, the Supreme Court has rejected the application of a heightened pleading requirement as improper. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (rejecting heightened pleading requirement in § 1983 claim *against a municipality* and explaining that a heightened pleading requirement "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation"). Nonetheless, the Eleventh Circuit continues to apply a heightened pleading standard. *See Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). In the present case, the Court must balance the heightened pleading standard with the leniency provided to Plaintiff as a *pro se* litigant.

Dawson, Brown, and Rowley each served as counsel for the Trustee. On the face of Plaintiff's Complaint, Plaintiff has failed to obtain leave of the Bankruptcy Court prior to initiating this action against the Trustee's counsel for acts done in their official capacities in the administration of the bankruptcy case. Accordingly, Plaintiff's claims against Dawson, Brown, and Rowley are barred by the *Barton* doctrine, and this Court lacks subject matter jurisdiction to hear the claims.[5]

Even if the *Barton* doctrine did not bar the claims, Plaintiff's Amended Complaint fails to state a claim against Dawson, Brown, and Rowley. Plaintiff's only allegation against Dawson, Brown, and Rowley is based on his receiving a "substantially reduced" medical malpractice damage award as a result of counsel "taking an excessive pro rata amount for attorney fees." Even affording Plaintiff leniency based on his *pro se* status and accepting all well-plead factual allegations as true, this generalized and conclusory allegation is not sufficient to state a claim for civil rights or constitutional violations. Plaintiff alleges no other wrongful conduct by Dawson, Brown or Rowley. Accordingly, Dawson, Brown, and Rowley's motions to dismiss Plaintiff's Amended Complaint are granted.[6]

## II.    *United States and Bankruptcy Court's Motions to Dismiss*

The United States and the Bankruptcy Court move to dismiss Plaintiff's Amended Complaint based on sovereign immunity and absolute judicial immunity. Plaintiff does not address or argue in opposition to Defendants' immunity arguments.

---

[5] In his Opposition, Plaintiff indicates that "[t]he Honorable Judge A. Paskay granted and informed ... plaintiff he had leave to file his claims in [this Court] for a review and action against the trustee, because the bankruptcy court has no further jurisdiction." (Dkt. 44, p. 2). Plaintiff makes no reference to having been granted leave in his Amended Complaint, and review of the bankruptcy docket does not indicate that such leave was granted. Plaintiff's other arguments against the application of the *Barton* doctrine are without merit.

[6] As this Court lacks jurisdiction over Plantiff's claims against these Defendants and Plaintiff fails to state claims against them, it is unnecessary to address Defendants' arguments pertaining to improper service.

"[S]overeign immunity bars suit against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). Plaintiff has not alleged consent or waiver by the United States or Bankruptcy Court. Further, judges are entitled to absolute judicial immunity for those acts taken while acting in their judicial capacity, unless they act in the clear absence of jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (*quoting Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Plaintiff, although critical of the bankruptcy proceedings, has not alleged that the Bankruptcy Court (or its judges) acted in the absence of jurisdiction.[7] Neither has Plaintiff alleged that any Bankruptcy Court judge acted outside of his or her judicial authority. To the contrary, on this record, it appears that the Bankruptcy Court, through its judges, acted within its jurisdiction in presiding over the bankruptcy proceedings and approving the distributions to the medical malpractice claimants. Plaintiff's claims against the United States and the Bankruptcy Court are barred by sovereign immunity and absolute judicial immunity.[8] Accordingly, the United States and Bankruptcy Court's motions to dismiss Plaintiff's Amended Complaint are granted.

### III.    *Rydberg's Motion to Dismiss*

Plaintiff's Amended Complaint does not assert any specific allegations against Rydberg. In fact, Plaintiff's Amended Complaint does not indicate what role Rydberg played in the bankruptcy case. Notwithstanding, Rydberg's motion to dismiss reveals that she represented a different claimant

---

[7] "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and as such, it is no different from a suit against the State itself." *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (*internal quotations and citations omitted*) (noting that in a damages action, neither the state nor its officials acting in their official capacities are considered "persons" subject to suit under § 1983).

[8] Moreover, to the extent Plaintiff challenges specific conduct of the United States and the judiciary, Plaintiff's challenges or objections to the bankruptcy proceedings were properly made and considered as part of the bankruptcy case and, to a limited extent, his bankruptcy appeal.

in the bankruptcy proceedings and did not represent Plaintiff. (Dkt. 35, ¶ 3). In his opposition,

Plaintiff states:

> The plaintiff try to attain the services of Marsha Rydberg and Gary Roberts, but attorneys informed "Washington" they do not represent him, but appeared legally on issues involving the "members of medical malpractice claimants" which he was a part of in the debtor's plan of reorganization. This is a conflict of interest and violation of code of professional standards and legal responsibility under rules of the Florida Bar and Supreme Court of Florida. The trustee and attorneys involved in this action became "legal thieves in daylight and night to defraud or steal from the members of the malpractice class."

(Dkt. 44, pp. 6-7).

Plaintiff's Amended Complaint states no claim against Rydberg. Even construing Plaintiff's

generalized allegations liberally based on Plaintiff's *pro se* status, Plaintiff fails to state a cause of

action against Rydberg. The Court finds that under no circumstances, within this set of facts, can

Plaintiff plead a civil rights or constitutional claim against Rydberg. Plaintiff's generalized

allegations pertaining to ethical violations are baseless. Accordingly, Rydberg's motion to dismiss

Plaintiff's Amended Complaint is granted.

**IV.    *Gulf Coast, Bonati, Woodard, and Olson's Motions to Dismiss***

Gulf Coast, Bonati, Woodard, and Olson move to dismiss Plaintiff's §§ 1983, 1985 and 1986

claims based on Plaintiff's failure to plead the required elements of state action, conspiracy, and

knowledge of a conspiracy. In addition, these Defendants move to dismiss Plaintiff's constitutional

claims based on Plaintiff's failure to plead any constitutional violation.

*A.    42 U.S.C. § 1983*

To sustain a cause of action pursuant to 42 U.S.C. § 1983, a plaintiff must establish that: 1)

he or she suffered a deprivation of rights, privileges or immunities secured by the Constitution and/or

laws of the United States; and 2) the act or omission causing the deprivation was committed by a

person acting under color of law. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032

(11th Cir. 1987). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)). "Where a private party acting either jointly with or through state officials becomes so allied with the state as 'to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment,' the private party is held to have acted under color of state law." *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1250 (11th Cir. 1985) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

Gulf Coast and Bonati are private parties/debtors involved in bankruptcy proceedings. Woodard and Olson are attorneys who served as Trustee and counsel, respectively, for purposes of the bankruptcy proceedings. Plaintiff has not alleged that any of these Defendants are state actors. Likewise, Plaintiff has not sufficiently alleged that these Defendants were so allied with the state (or even the Bankruptcy Court) to make them state actors based on their alleged joint activity. Even construing Plaintiff's Amended Complaint liberally, Plaintiff's generalized, vague, and conclusory allegations are not sufficient to establish that these Defendants acted under color of state law. *See Fullman*, 739 F.2d at 556-57 (§ 1983 claim will be dismissed as insufficient where allegations are vague and conclusory).

Even if Plaintiff could plead the requisite state action, Plaintiff's Amended Complaint fails to state a claim that he suffered a deprivation of constitutional or federal rights, privileges, or immunities. To state a § 1983 claim, "a plaintiff must point to a violation of a specific federal right." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (*citation omitted*). In setting forth his claim, Plaintiff has not pointed to a specific federal right that was violated, or even invoked, by his participation in the bankruptcy proceedings as a medical malpractice claimant. Plaintiff's allegations

that he was forced to represent himself, that he was awarded less than he would have liked, that the medical malpractice claim awards were distributed inequitably, and that Defendants took excessive attorney's fees do not give rise to deprivations of federal law. Plaintiff's conclusory allegations of a due process violation are not sufficient to state a § 1983 claim.[9] Finally, Plaintiff's allegations of an equal protection violation are woefully inadequate.[10] Because Plaintiff cannot show he suffered the deprivation of a constitutional right, the Amended Complaint fails to state a claim under § 1983. *See Wideman*, 826 F.2d at 1032; *Marshall County Bd. of Educ.*, 992 F.2d at 1174 (a court may dismiss a complaint on a dispositive issue of law).

Plaintiff's Amended Complaint fails to satisfy the heightened pleading requirements for § 1983 claims. *See GJR Invs., Inc.*, 132 F.3d at 1367. Moreover, Plaintiff's Amended Complaint fails to state a § 1983 claim even under the lenient standard afforded to *pro se* litigants. On these facts, Plaintiff has not and cannot allege with specificity facts that make out a § 1983 claim against these Defendants.

B.   *42 U.S.C. § 1985*

To establish a § 1985 conspiracy claim, a plaintiff must show an agreement between two or more persons to deprive him of his civil rights. 42 U.S.C. § 1985; *Dickerson v. Alachua County*

---

[9] "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Again, Plaintiff cannot establish that Defendants were acting under color of state law to meet the state action requirement. Plaintiff's Amended Complaint fails to show that Plaintiff had a liberty or property interest in the bankruptcy proceedings. Further, upon review of the records in this case, the bankruptcy proceedings, and the bankruptcy appeal, Plaintiff cannot establish that he received constitutionally-inadequate process. "[C]onduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003) (*citations omitted*). Plaintiff's allegations, even if accepted as true, fail to state a substantive due process claim.

[10] Plaintiff's Amended Complaint does not contain any allegations to support his contention that he was denied equal protection of the laws. In fact, Plaintiff purports to bring his claims on behalf of a class of individuals who allegedly sustained the same wrongs as a result of the bankruptcy proceedings. The record reveals that these individuals were paid a pro rata amount of their allowed claims pursuant to the debtor's plan or reorganization.

*Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000), *cert. dismissed*, 530 U.S. 1285 (2000). Specifically, a plaintiff must show: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."[11] *Childree v. UAP/GA AG Chem, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996) (*citing Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir. 1992)); *see also Park v. Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997). To state a claim, a plaintiff's complaint must inform the defendant of the nature of the alleged conspiracy, beyond a mere allegation that a conspiracy existed. *Fullman*, 739 F.2d at 557 (*citations omitted*). "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.* (*citation omitted*).

Apart from listing 42 U.S.C. § 1985 as a basis for jurisdiction, the only allegation pertaining to conspiracy within Plaintiff's Amended Complaint is Plaintiff's request for a

> grand jury ... due to the defendants malicious and fraudulent behavior that they has "knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, etc., to violate the plaintiff civil rights under the United States Constitution.

(Dkt. 10, p. 4). Plaintiff does not identify any specific conspirators and does not assert specific conduct in furtherance of a conspiracy. The generalized allegations of a conspiracy are not sufficient to inform Defendants of the nature of the alleged conspiracy. *See Fullman*, 739 F.2d at 557. Even accepting the allegations as true and viewing the allegations in the light most favorable to Plaintiff, Plaintiff has not plead even generalized facts sufficient to support a claim for violation of § 1985.

---

[11] Construing the Amended Complaint liberally, it appears Plaintiff alleges a violation of § 1985(3).

Even assuming that Plaintiff alleged specific allegations of conspiracy, the Amended Complaint still fails to state a claim for conspiracy. To prevail on his claim that there existed a conspiracy to deprive him of his due process and equal protection rights, Plaintiff must show state action; i.e., a conspiracy with state employees or officials. *See Terry Props., Inc. v. Standard Oil Co.*, 799 F.2d 1523, 1533-34 (11th Cir. 1986) (private actors may be liable for infringement of 14th Amendment rights only through conspiracy with state actors in violation of 42 U.S.C. § 1985(3)). As discussed, Plaintiff cannot establish the requisite state action to support a § 1985 claim. Further, as with his § 1983 claim, Plaintiff has not alleged injury or deprivation of a specific federal right. Plaintiff's conclusory allegations of conspiracy are insufficient to withstand a motion for Rule 12 dismissal. *See Jackson*, 372 F.3d at 1262-63.

C.    *42 U.S.C. § 1986*

Section 1986 conspiracy claims are "derivative of § 1985 violations." *Park,* 120 F.3d at 1160. Because Plaintiff's Amended Complaint fails to state a § 1985 claim, Plaintiff's § 1986 claim fails, as well. *See id.* (a § 1986 claim "requires the existence of a § 1985 conspiracy").

D.    *5th and 14th Amendments*

Plaintiff alleges that Defendants violated his substantive and procedural due process and equal protection rights by refusing to assist him with legal representation and disregarding his constitutional rights. (Dkt. 10, ¶¶ 6-7). To the extent Plaintiff asserts independent constitutional claims under the 5th and 14th Amendments, Plaintiff has failed to state those claims for the reasons previously discussed.

The due process clause is implicated when there is a "deprivation of life, liberty or property *at the hands of the government.*" *Grayden,* 345 F.3d at 1232 (*emphasis added*). The equal protection clause is implicated when *a state or government* treats similarly situated people differently. *City of*

13

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (*emphasis added*). Plaintiff has not plead sufficient facts to establish the requisite state action.[12]  He simply cannot do so.

Moreover, Plaintiff has not plead a violation or deprivation of a constitutional right. Plaintiff's allegation that he was forced to represent himself in the bankruptcy proceedings and was *not afforded counsel does not give rise to a constitutional violation.* The appointment of counsel in a civil case is not a constitutional right. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Defendants had no obligation to assist Plaintiff with legal representation and Plaintiff had no constitutional right to counsel as part of the bankruptcy case. *See Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).

Plaintiff's allegations regarding the fairness of the bankruptcy proceedings, the inequitable distribution of damages, and the excessiveness of attorney's fees awarded do not give rise to any *constitutional rights, deprivations or violations.*[13]  Equitable distribution of settlement proceeds and attorney's fees is not guaranteed by the Constitution. Plaintiff had the opportunity to challenge the rulings in the bankruptcy proceedings and as part of his appeal. His claims against these Defendants are without merit. Liberally construing the allegations of the Amended Complaint, Plaintiff fails to state the requisite elements of his constitutional claims.

---

[12] Plaintiff also fails to state an equal protection claim because he does not sufficiently allege that Defendants acted with the intent to discriminate against him. *See E & T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Investments, Inc.*, 132 F.3d at 1367-68; *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987).

[13] In his opposition, Plaintiff alleges that Defendants "failed to develop the plaintiff's medical records before arbitration hearing before the arbitrator Gasper Ficarrotta." (Dkt. 44, p. 2).  This claim is not included in Plaintiff's Amended Complaint.  Even assuming the claim was plead, this claim does not give rise to a civil rights or constitutional violation.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)      Gulf Coast Orthopedic Center - Alfred O. Bonati, M.D., P.A. and Alfred O. Bonati, M.D.'s Motion to Dismiss (Dkt. 32) is **GRANTED**.

2)      Marsha Rydberg's *Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and Request for Judicial Notice* (Dkt. 35) is **GRANTED**.

3)      Vincent Rowley's Motion to Dismiss (Dkt. 36) is **GRANTED**.

4)      W. Penn Dawson, III and Andrew Brown's Motion to Dismiss (Dkt. 37) is **GRANTED**.

5)      United States of America and United States Bankruptcy Court's Motion to Dismiss (Dkt. 40) is **GRANTED**.

6)      Susan K. Woodard and John K. Olson's *Motion to Dismiss and Alternative Motion for More Definite Statement* (Dkt. 53) is **GRANTED**.

7)      As it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief, this case is **DISMISSED WITH PREJUDICE**. *See Conley*, 355 U.S. at 45-46.

8)      All pending motions are **DENIED** as moot.

9)      The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this _29 ᵗʰ_ day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Parties
Counsel of Record